**People of the State of Illinois, Plaintiff-Appellee, v. Phillip Daugherty, Defendant-Appellant.**

Gen. No. 69–19.

Fifth District.

February 4, 1970.

Robert Broverman, of Taylorville, for appellant.

John H. Ward, State's Attorney, of Taylorville, for appellee.

SIMKINS, J.

The defendant, Phillip Daugherty, was charged in the Circuit Court of Christian County, in Cause 68–C–434 with battery and Criminal damage to property, and in Cause 68–C–435 with battery. The two cases were consolidated for trial before a jury; defendant was found not

guilty of criminal damage to property, guilty of both battery charges, and sentenced to the Illinois State Penal Farm for ninety days in each cause, the sentences to run concurrently.

Among other assignments of error, defendant urges that the closing argument made by the State's Attorney was so prejudicial as to deprive him of a fair trial. The People concede that the argument in question constituted error, but argue that the error is not reversible. We disagree.

The incidents from which the charges arose occurred on the morning of August 17, 1968, in a tavern in Bulpitt, Illinois. Defendant asserted the affirmative defense of intoxication as provided in chapter 38, section 6–3, Ill Rev Stats 1967. He did not testify in his own behalf. The defendant, during the same trial calendar, had been convicted by a jury of the crime of disorderly conduct as a result of the same incident, which also gave rise to the battery and damage to property complaints. In view of the conviction he moved for continuance in cases 68–C–434 and 68–C–435, his motion being grounded on his reluctance to be tried by the same jury panel before whom he had already appeared. His motion for continuance having been denied, he found himself confronted with seven jurors in the instant case who had participated in the first conviction, and these seven jurors sat on the jury which returned the battery convictions.

The complaining witness, Gullidge, testified that on the morning in question the defendant, on two occasions, stumbled into the tavern, kicking over tables and chairs, that he had a very strong odor of alcohol about him, that he was very highly intoxicated, that he was "awful heavy under the influence of alcohol" and that he was staggering, stumbling and swaying.

The complaining witness, Browning, also testified that defendant fell over the furniture, that "he was beyond the point of being a normal human being." Other wit-

nesses also testified to the intoxication of the defendant.

It was in this setting that the State's Attorney, during closing argument, and over the repeated objections of counsel for the defendant (all of which objections were overruled by the trial judge) proceeded to comment directly upon the defendant's failure to testify in his own behalf. A few excerpts from that argument are as follows:

> "He raised the issue of intoxication as a defense. Let me ask each and every one of you, please, who is the best witness that sits in this courtroom right now and who sat here throughout the entire trial that could tell you whether or not Mr. Daugherty—
>
> "I can imagine he doesn't want you to hear, but on the other hand, ladies and gentlemen, the person who knew whether or not he was intoxicated, if intoxication is really an issue, such as he thinks it is, is sitting at this table next to us.
>
> "He didn't take the witness stand. He didn't stand up here or sit up here as the case may be and tell you, 'Well, I had been at this tavern, and I had been at that tavern, and I had been drinking at home or somewhere.'
>
> "Ladies and gentlemen, if intoxication is an issue why didn't he get up and tell you how intoxicated he was? . . . .
>
> "Now, the best witness they had for their defense, their affirmative defense of intoxication, did not stand up and say a word about it. The best that they had—and he did not act. You think about that.
>
> "Why didn't he get up and tell you, ladies and gentlemen, 'I was smashed and I didn't know what I was doing.' He didn't do that. He didn't do it. You draw the proper conclusion."

██ ██ This argument was a direct and persistent comment on the failure of the defendant to testify, and constitutes a flagrant violation of a principle of law so long and so firmly established in this State (see People v. Wollenburg, 37 Ill2d 480, 488, 229 NE2d 490, and cases there cited, for example), as to make lengthy citation unnecessary. In People v. Mills, 40 Ill2d 4, 237 NE2d 697, the Court said:

> "An appropriate test in deciding whether such closing argument violated the defendant's right to remain silent under section 155–1 of the Code of Criminal Procedure was set out in *Watt v. People, 126 Ill 9, 32, 18 NE 340, as whether 'the reference (was) intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify?'* " (Emphasis supplied.)

It is clear that the argument here was intended and calculated, and did, in fact, direct the jury's attention to defendant's failure to take the witness stand in his own behalf. The argument should not have been made, and the objections to the argument should have been sustained. Convictions so obtained cannot stand.

We do not reach the other assignments of error since they cannot recur at the next trial. The convictions are reversed and causes remanded for new trial.

Reversed and remanded.

MORAN and GOLDENHERSH, JJ., concur.